IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–02896–WYD–KMT

DEANNE BENDER,

      Plaintiff,

v.

CITIMORTGAGE INC.,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, and
DOES 1-10, Inclusive,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

      This matter is before the court on Plaintiff's "Emergency Motion to Stay, Motion to Extend Time for Appeal, Motion for New Trial and Motion to Vacate" (Doc. No. 2, filed Nov. 2, 2012 [hereinafter "Motion to Stay"]) and "Ex Parte Notice, Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction; Memorandum of Point and Authorities in Support Thereof" (Doc. No. 3, filed Nov. 2, 2012 [hereinafter "Motion for TRO"]).  For the following reasons, the court recommends that Plaintiff's Motions be DENIED.

      As a threshold matter, the court notes that Plaintiff's Motion to Stay and Motion for a TRO effectively seek the same relief—to stall or enjoin state-court foreclosure proceedings.  To be sure, Plaintiff's motions do not explicitly discuss any state court proceedings.  However, because Plaintiff Motion for a TRO seeks injunctive relief to "prevent a trustee's sale scheduled

for November 14, 2012 and enjoining Defendants . . . from foreclosing on the real property located at 2094 Flintwood Road Franktown, CO 80116" (Mot. TRO at 1), "there must have been state court proceedings to authorize the foreclosure sale pursuant to Colorado Rule of Civil Procedure 120." *Fick v. US Bank Nat'l Ass'n,* 11-cv-03184-WYD-KLM, 2011 WL 6941751, at *3 (D. Colo. Dec. 15, 2011) (citing *Maxwell v. BAC Home Loan Servicing, L.P.,* No. 10-cv-01806-WYD-BNB, 2010 WL 3075456, at *2 (D. Colo. Aug. 4, 2010)), *affirmed and adopted by* 2012 WL 392871 (Jan. 4, 2012).

Similarly, Plaintiff's Motion to Stay seeks to stay "any and all enforcement proceedings against [her] property, including said authorization of sale." (Mot. Stay at 2.) Although Plaintiff suggests that " on or around October 4, 2012, *this* court awarded an order authorizing the sale of [the Property]," (*Id.* at 1) (emphasis added), this federal action was only recently commenced on November 2, 2012—several weeks after the order authorizing the sale of Plaintiff's property was issued. Thus, it is readily apparent that any such order was issued by a state court.[1]

Pursuant to Fed. R. Civ. P. 65(b)(1), a temporary restraining order (TRO) may be issued without notice to the adverse party or its attorney only if

> (A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

---

[1] It is likely that this unknown state court is situated in Douglas County, Colorado, as the caption featured in Plaintiff's filings incorrectly begin: "In the United States District Court for the County of Douglas, Colorado." (*See, e.g.,* Mot. TRO at 1.)

Here, although Plaintiff's Complaint is verified (*see* Doc. No. 1 at 19), Plaintiff has failed to make any showing that she attempted to give notice to Defendants of this proceeding and of her request for emergency injunctive relief.² *See Brown v. Deutsche Bank Nat'l Trust,* No. 10-cv-02287-ZLW-MJW, 2010 WL 4256212, at *2 (D. Colo. Sept. 28, 2010) (applying the requirement of Fed. R. Civ. P. 65(b)(1)(B) to a *pro se* plaintiff's motion for TRO). Further, Plaintiff has not provide any reason why such notice should be excused. Fed. R. Civ. P. 65(b)(1)(B).

Moreover, even if Plaintiff were able to cure these procedural defects, she must still establish (1) that there is a substantial likelihood that she will prevail on the merits; (2) that, if the injunction is denied, she will suffer irreparable injury; (3) that her threatened injury outweighs the opposing party's injury; and (4) that the public interest would not be adversely affected by an injunction. *See Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001). Injunctive relief "is an extraordinary remedy"; accordingly, Plaintiff's "right to relief must be clear and unequivocal." *Id.*

On the record before the court it is unclear whether or not state proceedings are completed and final. *See Beeler Props. LLC v. Lower Enters.,* 07-cv-00149-MSK-MJW, 2007 WL 1246591, at *3 (D. Colo. May 7, 2007) ("given the nature of the Colorado foreclosure process, it is difficult to determine when the rights of the parties are completely determined. It

---

² As of the date of this Recommendation, Defendants have not been served. Further, although Plaintiff's Motion for TRO purports to give notice "to Defendants, their Counsel, and all interested parties" (Mot. TRO at 1), both motion feature a blank certificate of service (*see id.* at 7; Mot. Stay at 4).

could be at the time of the sale, expiration of the redemption periods, upon issuance of an order confirming the sale, or upon issuance of a Trustee's Deed."). Nevertheless, regardless of the stage of the proceedings, the court finds that it lacks authority to grant Plaintiff the relief she seeks.

First, assuming the foreclosure proceedings are ongoing, the relief sought by Plaintiff is barred by both the Anti-Injunction Act (AIA) and the *Younger* abstention doctrine. The AIA provides, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. As the Tenth Circuit has stated, "[t]his prohibition against enjoining 'proceedings in a State Court' applies to state foreclosure proceedings." *Horton v. Clark,* 948 F.2d 1294, 1991 WL 240115, at *1 (10th Cir. Nov. 15, 1991) (unpublished table opinion). Plaintiff has not shown, and the court does not find, that any of the three exceptions identified in 28 U.S.C. § 2283 apply in this case. Therefore, the AIA prohibits this court from enjoining the foreclosure proceedings in state court.

Moreover, even if the Anti-Injunction Act did not apply, the Tenth Circuit has also recognized that a foreclosure proceedings is "precisely the type of case where federal courts out of concern of comity and the nature of our federal system properly refuse to exercise jurisdiction and intermeddle in the state court proceedings." *Id.* (citing *Mitchum v. Foster,* 407 U.S. 225 (1972) and *Harris v. Younger,* 401 U.S. 37 (1971)). Under the *Younger* abstention doctrine,

> A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and

> (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. Younger abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citation and quotation marks omitted).

Here, the first element is met because Plaintiff is asking the court to enjoin an ongoing proceeding in state court. Second, Plaintiff has not argued that the state proceedings do not provide an adequate forum for the claims raised in this action. Finally, foreclosure proceeding involve "important state interests concerning title to real property located and determined by operation of state law." *Beeler,* No. 07-cv-00149, 2007 WL 1346591, at *1 (D. Colo. May 15, 2007); *see also Horton*, 1991 WL 240115, at *1. Therefore, in addition to the AIA, the *Younger* doctrine also prevents the court from enjoining the state court proceedings.

Second, assuming instead that the foreclosure proceedings have been finalized, the court is barred by from granting Plaintiff a TRO by the *Rooker-Feldman* doctrine. That doctrine provides that federal district courts may not conduct appellate-type review of state court judgments, including judgments authorizing the sale of property. *Fick,* 2011 WL 6941751, at *3 (citing *Beeler,* 2007 WL 1346591, at *2). A party who loses in state court is "barred from seeking what in substance would be appellate review of the state judgment in a United States district court." *Guttman v. Khalsa,* 401 F.3d 1170, 1173 (10th Cir. 2005) (internal citations omitted). Instead, the state appellate process is the appropriate mechanism for Plaintiff to challenge the result of the foreclosure proceedings.

Finally, Plaintiff's Motion to Stay also seeks to extend the time for appeal, a new trial, and, ostensibly, to vacate the state court's judgment. (Mot. Stay at 2-3.) To the extent that Plaintiff seeks an extension of time to appeal the state court's judgment, the court lacks any authority to extend the deadline to file an appeal with the state court of appeals. Such relief must be sought in the state court system. Likewise, the court finds that a new trial and a challenge to the state court judgment must also sought in state court as, for essentially the same reasons stated above, the *Rooker-Feldman* doctrine bars this court from providing such relief.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Plaintiff's "Emergency Motion to Stay, Motion to Extend Time for Appeal, Motion for New Trial and Motion to Vacate" (Doc. No. 2) and "Ex Parte Notice, Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction; Memorandum of Point and Authorities in Support Thereof" (Doc. No. 3) be DENIED.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 9th day of November, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge