IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–02896–WYD–KMT

DEANNE BENDER,

    Plaintiff,

v.

CITIMORTGAGE INC.,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, and
DOES 1-10, Inclusive,

    Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Magistrate Judge Kathleen M. Tafoya**

    This case comes before the court on Plaintiff's "Motion for Default Judgment." (*See* Doc. No. 10)[1] filed December 11, 2012.

    Plaintiff seeks default judgment under Fed. R. Civ. P. 55(b). When a defendant fails to "plead or otherwise defend," default must be entered by the clerk of the court." Fed. R. Civ. P. 55(a). Thereafter, the prevailing party may ask the Court to enter judgment. *See* Fed. R. Civ. P. 55(b)(2). Here, the Clerk of Court has not entered default against Defendants because Plaintiff failed to file a return or service. (*See* Doc. No. 19, filed Jan. 29, 2013.) Further, Defendants have not failed to plead or otherwise defend this action. Defendants have filed a Motion to

---

[1] Plaintiff's Motion for Default Judgment is contained at page three of this document.

Dismiss Plaintiff's Verified Complaint Pursuant to Fed. R. Civ. P. 8, 9, and 12. (Doc. No. 11, filed Dec. 12, 2012.) As such, the court finds that Plaintiff's Motion for Default Judgment is properly denied.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Plaintiff's "Motion for Default Judgment." (*See* Doc. No. 10) is properly DENIED.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 29th day of January, 2013.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge